TAYLOR v. STATE HIGHWAY COMMISSIONER.

COVENANTS—RECIPROCAL NEGATIVE EASEMENTS—INTENT OF SUBDIVIDER—EVIDENCE.

Reciprocal negative easements restricting use of property in a subdivision, containing 32 lots, to residence purposes *held,* not established where evidence shows subdivider had sold or used 11 lots without restrictions, one lot purchaser had him thereafter insert such restriction in deed he had hitherto executed for avowed purpose of attempting to increase amount owner

expected to receive for taking it upon relocation of railroad right of way, some 7 lots were used for residence purposes including plaintiffs' in whose deed title was recited as "free from all incumbrances whatever except building restrictions of record," and subdivider deeded some lots and parts of others without restrictions to State for railroad purposes, there being no evidence of intention to create a servitude beneficial to the land retained by the subdivider.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 5, 1938. (Docket No. 36, Calendar No. 39,805.) Decided February 24, 1938.

Bill by John S. Taylor and wife against Murray D. Van Wagoner, State Highway Commissioner, and another for a mandatory injunction to compel condemnation proceedings. Bill dismissed. Plaintiffs appeal. Affirmed.

*Arthur E. Moore,* for plaintiffs.

*Raymond W. Starr,* Attorney General, and *Charles P. Webster,* Assistant Attorney General, for defendant State Highway Commissioner.

*H. V. Spike* and *John J. Gafill,* for defendant Grand Trunk Western Railroad Company.

CHANDLER, J. In March, 1911, Robert Mageehan recorded the plat known as Mageehan's subdivision of outlots 1 and 2, Wilson Park subdivision, city of Royal Oak, Michigan. The subdivision as platted by him contained 32 lots.

Subsequent to the date of the plat and prior to October 25, 1928, Mageehan sold eight of the lots, all of which were conveyed without restrictions of any nature.

On May 24, 1919, he deeded lot No. 19 to James P. Hagerty and wife in pursuance of the terms of a

certain land contract executed in 1912. This deed likewise contained no restrictions of any nature. But on October 25, 1928, Mrs. Hagerty returned the deed to Mageehan and the following was at her request inserted in the body of the instrument:

"No building shall be erected on said lots which shall be of less than $2,000 in valuation and to be used for dwelling purposes only; only one dwelling shall be erected on each lot, except where it shall be otherwise provided."

Mageehan subscribed his name immediately following the foregoing addition and the deed was then re-recorded but no attempt was made at re-execution. Mrs. Hagerty testified that she requested the restriction be inserted as she had been told that if restrictions were attached to the lot she would receive more damages when the railroad was constructed.

In April, 1929, plaintiffs purchased lot No. 25 from Mageehan, the deed thereto reciting: "free from all incumbrances whatever except building restrictions of record."

By Act No. 340, Pub. Acts 1927 (1 Comp. Laws 1929, § 4454 *et seq.*), provision was made for the relocation of the Grand Trunk Western Railroad through the city of Royal Oak so that the right of way of said railroad extends through Mageehan's subdivision on the west side of Lafayette street. Plaintiff's property is located on the east side of Lafayette street. The railroad, as relocated, is constructed in such a manner that its embankment interferes with plaintiff's view, it being impossible for them to see to the west from their property beyond the railroad right of way.

The bill of complaint alleges that by virtue of the provision inserted in the Hagerty deed and that in

the deed to plaintiffs of lot No. 25, the lots in the subdivision, particularly those fronting on Lafayette street, became subject to reciprocal negative easements and that before proceeding with the construction of the railroad it was the duty of defendants to condemn the rights of plaintiffs acquired thereby. The bill seeks a mandatory injunction compelling defendants to institute condemnation proceedings to condemn the rights of plaintiffs claimed to exist by reason of the alleged easement. The trial court dismissed the bill of complaint and plaintiffs take this appeal.

Assuming, without comment thereon, the validity of the restriction inserted in the Hagerty deed in 1928 without the formalities of re-execution, we find that the writ should be denied on other grounds.

Plaintiffs' contention that reciprocal negative easements were created is founded upon the proposition that the facts exhibit a general plan to restrict the various lots in the subdivision, particularly those abutting Lafayette street, to residence purposes only. We fail to find that such a plan was contemplated or existed. Mr. Mageehan sold one lot, without restrictions, prior to the sale in the year 1912 of lot No. 19 on contract to the Hagertys. Subsequent to the platting and prior to 1928, eight lots were sold without restrictions. On October 25, 1928, Mrs. Hagerty returned their deed for the insertion of the restrictions hereinbefore quoted, and for the admitted purpose of attempting to increase the amount they expected to receive for the taking of said lot upon relocation of the railroad. The subdivider deeded some lots and parts of others, located on the West side of Lafayette street to the State for railroad purposes without restrictions. In brief, of all the lots conveyed by Mageehan, the deeds contained

no restrictions, except that inserted in the Hagerty deed in 1928 and the reference to building restrictions to be found in the deed of April 10, 1929, conveying lot No. 25 to plaintiffs.

Eighteen of the lots in the subdivision face Lafayette street. Prior to the relocation of the railroad, three on the west side of the street and four on the east side were residence properties. Lot No. 1 has been used for an oil station since 1922, which was constructed by Mageehan and later leased by him for this purpose. Lot No. 3 was leased by him for the erection of a signboard.

It is apparent from a recital of the foregoing facts that no plan whatsoever existed to restrict the subdivision to residence purposes. The insertion of the restriction in the one deed to Mr. and Mrs. Hagerty does not establish the existence of such a plan. No intention is thus shown to create a servitude beneficial to the land retained by Mageehan. The doctrine of reciprocal negative easements as set forth in *Sanborn* v. *McLean,* 233 Mich. 227 (60 A. L. R. 1212), and like cases, is inapplicable.

Decree affirmed, with costs to defendants.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred.